UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

DANDRE ALEXANDER,

        Plaintiff,                     Case No. 2:16-cv-96

v.                                             Honorable R. Allan Edgar

MANDI JOY SALMI et al.,

        Defendants.

_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against Defendants State of Michigan and Michigan Department of Corrections on grounds of immunity. The Court will serve the complaint against the remaining Defendants.

**Discussion**

I.   Factual allegations

Plaintiff Dandre Alexander presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Macomb Correctional Facility, though the actions about which he complains occurred while he was housed at the Marquette Branch Prison (MBP). Plaintiff sues the State of Michigan and the MDOC, together with the following MBP officials: Mental Health Case Manager Mandi Joy Salmi; Mental Health Staff Members Tom Osier, Robin Bailey-Webb, Andrew Boudreau, Amy Robar, and Mark Hares; Mental Health Unit Chief Paul Eyke; Correctional Officer (unknown) Lombard; and Security Classification Officers James Alexander and Shane Place.

Plaintiff alleges that he has been treated for unspecified mental illness of many years. On October 24, 2014, Plaintiff filed a grievance against his case manager, Defendant Salmi. He alleged that Salmi had refused to follow policy and refused to accommodate Plaintiff's mental health needs. He asked to be placed with a different case manager. Defendants Robin Bailey-Webb and Paul Ryke denied the grievance at Step I of the grievance process. Defendant Osier denied the grievance at Step II, though Osier allegedly violated policy by failing to obtain a "reviewer" for his decision. Plaintiff submitted a Step-III grievance, but he never received a response.

On February 2, 2015, Defendant Salmi recommended that Plaintiff be reclassified from segregation to general population, because segregation posed a serious risk of deteriorating Plaintiff's mental health status. Shortly thereafter, Defendant Salmi reversed herself, classifying Plaintiff to administrative segregation. Defendants Alexander and Place then concurred with the placement, ostensibly in violation of prison policy. Plaintiff remained in administrative segregation for nearly three months, allegedly leading him to experience depression and heightened stress.

Plaintiff was released from segregation to the general population following action taken by the security classification committee on April 23, 2015. However, Plaintiff was sent back to segregation two days later, after he received an allegedly fabricated misconduct ticket. Once back in segregation, Plaintiff began to experience increased mental health symptoms, including tormenting and traumatizing visions and flashbacks of his mother's dead body, as well as extreme depression, stress, disorientation, sweating, lack of sleep, lack of appetite, difficulty coping with life, and suicidal ideation. On April 29, 2015, Plaintiff asked to see Salmi about his symptoms. He told Salmi that segregation had become unbearable for him, that he was experiencing nightmares, tortuous thoughts, and feeling that his life was not worthwhile. He asked to be placed outside of segregation, in a mental health program. Salmi replied, "You don[']t qualify. You don't have a serious mental illness." (Compl., ECF No. 1, PageID.9.) Plaintiff pointed out his long history of mental illness, but Salmi replied, "You were misdiagnosed." (*Id.*) She told Plaintiff that there was nothing wrong with him and that he had only minor issues.

Plaintiff thereafter sent multiple kites requesting help and detailing his mental-health symptoms. On May 6, 2015, Defendant Boudreau came to Plaintiff's cell and listened to his concerns. Boudreau prescribed risperidone, an atypical anti-psychotic.

Plaintiff alleges that all Defendants were advised of his symptoms, including his deteriorating mental health and a subsequent suicide attempt, but refused to take action to either remove him from segregation, provide him better mental health treatment, or assign a different care manager. Plaintiff contends that, under these circumstances, Defendants were deliberately indifferent to his serious medical condition, in violation of the Eighth Amendment. Plaintiff alleges that Defendants' conduct also amounted to gross negligence, in violation of state tort law.

Plaintiff seeks injunctive relief in the form of revocation of Defendant Salmi's license to practice, together with compensatory and punitive damages.

II. Sovereign Immunity

Plaintiff may not maintain a § 1983 action against the State of Michigan and the MDOC. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g., McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the State of Michigan and the Michigan Department of Corrections.

III. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The Court concludes that Plaintiff's allegations against the remaining Defendants are sufficient to warrant service of the complaint.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants State of Michigan and Michigan Department of Corrections will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), on grounds of immunity.  The Court will serve the complaint against the remaining Defendants.

An Order consistent with this Opinion will be entered.


Dated:   5/31/2016                                       */s/ R. Allan Edgar*
                                                                R. ALLAN EDGAR
                                                                UNITED STATES DISTRICT JUDGE