UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

D'ANDRE ALEXANDER,

    Plaintiff,

v.                                        Case No. 2:16-CV-96

MANDI JOY SALMI, et al.,              HON. GORDON J. QUIST

    Defendants.
_____/

## ORDER ADOPTING, IN PART, REPORT AND RECOMMENDATION

Plaintiff, D'Andre Alexander, brought a civil rights action under 42 U.S.C. § 1983 against Defendants. Alexander's surviving claims are for deliberate indifference under the Eighth Amendment, retaliation, and state law claims. Defendants filed a motion for summary judgment (ECF No. 128), which Magistrate Judge Timothy Greeley recommended granting in his Report and Recommendation (R & R). (ECF No. 163.) Alexander filed objections to the R & R. (ECF No. 165.)

Under Federal Rule of Civil Procedure 72(b), a party "may serve and file specific written objections" to the R & R, and the Court is to consider any proper objection. Local Rule 72.3(b) likewise requires that written objections "shall specifically identify the portions" of the R & R to which a party objects. Under 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Alexander's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted in part and rejected in part.

1.  **Deliberate Indifference.**

Alexander first objects that the R & R was wrong in recommending that his deliberate indifference claim be dismissed. Alexander argues that because "non-Defendants provided some treatment to Plaintiff does not warrant the entire case to be dismissed as to the current Defendants." As the R & R quoted, "[w]here the claimant received treatment for his condition, as here, he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2013) (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)). Alexander may have alleged negligence by some of the Defendants,[1] but the facts show that "as [Alexander's] condition worsened, [Alexander] received more mental health treatment." (ECF No. 163 at PageID.1242.)

Alexander asks the Court to either follow or distinguish his case from *Finley v. Huss*, No. 17-1566, 2018 WL 557837 (6th Cir. Jan. 25, 2018), in which the Sixth Circuit vacated dismissal and remanded the case because it concluded that the district court erred in finding that Finley failed to state an Eighth Amendment claim. *Finley* dealt with dismissal under the Prison Litigation Reform Act upon initial screening prior to service; Alexander's claim is at the summary judgment stage. Finley also had a more extreme medical history—Finley was hospitalized multiple times, had at least twenty-five self-inflicted lacerations on his arm, swallowed nine razors, and had four stomach surgeries. *Id.* at *1. The Sixth Circuit reversed the district court, in part because the defendants "[could not] escape a deliberate-indifference claim by fetching a band-aid if an inmate is hemorrhaging." *Id.* at *3. Alexander's mental health condition and the treatment he received does not rise to the figurative level used in *Finley* and, therefore, *Finley* does not save Alexander from summary judgment.

---

[1] The R & R acknowledged that "Defendants may have been negligent in treating [Alexander]." (ECF No. 163 at PageID.1243.)

Alexander alleged that he told Defendant Lombard, with supporting documentation, about his prior suicide attempt and that Lombard responded "that was six years ago." The R & R found that this allegation was "blatantly contradicted by the record." Alexander stated in his deposition that he attempted to commit suicide in 2011. His conversation with Lombard occurred in 2015, so the six-year statement does not fit the facts. Alexander also failed to offer the purported documentation he showed Lombard. Alexander objects, and states that he attempted to commit suicide both in 2009 and in 2011. The Court disagrees with the R & R's characterization of Alexander's allegations. However, because Alexander's deliberate indifference claim fails on other grounds, his conversation with Lombard is not dispositive.

Therefore, the Court will adopt the R & R as to the deliberate indifference claim.

**2.    Retaliation.**

A plaintiff must meet three elements to establish a First Amendment Retaliation claim.

- First, that they were engaged in protected conduct.

- Second, that an adverse action was taken against them that would deter a person of ordinary firmness from engaging in that conduct.

- Third, that the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X v. Blatter*, 17 F.3d 378, 394 (6th Cir. 1999).

The R & R concluded that Alexander met the first two elements but failed to meet the third, *i.e.*, that Salmi's actions were motivated by Alexander filing grievances. In his response to Defendants' motion for summary judgment, Alexander alleged that Salmi commented, "[y]ou still doing legal stuff? That's why you 'rotted' in the 'hole.'" (ECF No. 149 at PageID.1023.) This statement in particular, and when considered along with Salmi's other alleged statements— "I'm making sure you go back to segregation" and "you weak minded fuck"—offer evidence from which a reasonable jury could conclude that there was a causal connection between Salmi's alleged refusal

to reduce Alexander's time in segregation and his grievances. Therefore, the Court will not adopt the R & R for the retaliation claim.

**3. Qualified Immunity.**

Alexander did not object to the R & R's recommendation that Defendants are entitled to qualified immunity. However, the R & R's recommendation was based on the fact that it found that Alexander cannot establish that his constitutional rights were violated. Because the Court will allow the retaliation claim to go forward, Salmi is not entitled to qualified immunity.

**4. State Law Claims.**

The R & R recommended dismissing Alexander's state-law claims—in the absence of remaining federal claims, the R & R concluded that the balance of relevant considerations weighed against exercising supplemental jurisdiction over the remaining state law claims. Because Alexander's retaliation claim will survive, his state law claims remain.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (ECF No. 163) is **APPROVED AND ADOPTED IN PART** as to Alexander's deliberate indifference claim, and **REJECTED IN PART** as to Alexander's retaliation claim against Salmi and his state law claims, and Alexander's Objections (ECF No. 165) are **OVERRULED IN PART** and **SUSTAINED IN PART**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 128) is **GRANTED IN PART** and **DENIED IN PART** in accordance with this Order.

Dated: March 29, 2018 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE